UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ELECTRIC TECHNOLOGIES, INC., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:21-cv-00030 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| TRAVELERS CASUALTY AND SURETY | ) By: Hon. Thomas T. Cullen |
| COMPANY OF AMERICA, | ) United States District Judge |
| | ) |
| Defendant. | ) |

Defendant Travelers Casualty and Surety Company of America ("Travelers") filed a motion to stay, arguing that this lawsuit is a proxy for a lawsuit currently proceeding in the United States District Court for the Middle District of Pennsylvania. Plaintiff Electric Technologies, Inc. ("E-Tech") opposes the motion, arguing that the two lawsuits involve different issues and that it would be prejudiced by a stay. The court is persuaded that E-Tech is attempting an end run around the lawsuit in Pennsylvania, and that not staying the case would unfairly prejudice Travelers. The court will therefore grant Travelers' motion to stay.[1]

## I. BACKGROUND

### A. Pennsylvania Lawsuit

Many of the underlying facts involve a third party, Kinsley Construction, Inc. ("Kinsley"). Kinsley is the prime contractor—and E-Tech is a subcontractor—for the construction of an elementary school in Stephenson, Virginia ("Virginia Project"). Travelers

---

[1] For the same reasons, the court will also grant Travelers' motion for an extension of time to file a responsive pleading (ECF No. 7), as there is no reason for Travelers to file an answer at this point in time.

1

is Kinsley's surety for the Virginia Project; as such, Travelers issued Kinsley a payment bond, and Kinsley is the principal.[2]

Under the contract between Kinsley and E-Tech, any contractual disputes must be litigated in Pennsylvania. In February 2021, Kinsley sued E-Tech in Pennsylvania state court, asserting a declaratory judgment action and claims for breach of contract and unjust enrichment ("Pennsylvania Lawsuit").[3] Kinsley alleged that E-Tech failed to pay some of its own subcontractors and, accordingly, that Kinsley had to make direct payments to those subcontractors in the amount of $898,718.04.

In March 2021, E-Tech removed the Pennsylvania Lawsuit to the United States District Court for the Middle District of Pennsylvania and filed a breach of contract counterclaim against Kinsley. E-Tech seeks **$667,261.98** for its breach of contract claim related to the Virginia Project, and $251,148.85 for Kinsley's alleged breach of contract on a different project in Washington, D.C., which has no relation to this lawsuit. Kinsley later filed an amended complaint seeking $1,071,273.64 for the initial breach of contract claim (regarding nonpayment of subcontractors) and bringing an additional breach of contract claim for E-Tech's allegedly nonconforming work on the Virginia Project, seeking an additional $340,000.

**B.  The Virginia Lawsuit**

One month after Kinsley sued E-Tech in Pennsylvania, E-Tech filed the instant lawsuit against Travelers—Kinsley's surety—in Frederick County Circuit Court ("Virginia

---

[2] In general, a payment bond is a contract between the owner, the general contractor, and the surety to ensure that all subcontractors and material supplies are paid.

[3] Case No. 1:21-cv-00443-YK (M.D. Pa.).

2

Lawsuit"). E-Tech seeks **$667,261.98** under the Virginia Little Miller Act as a beneficiary under Kinsley's payment bond with Travelers. Travelers removed the case to this court on April 27, 2021, and filed the instant motion to stay.

## II. MOTION TO STAY STANDARD

A district court possesses the "inherent power" to stay an action to ensure the "efficient management" of its docket and promote "economy of time and effort for itself, for counsel, and for litigants." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to grant a motion to stay, a district court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255. The party seeking a stay must justify it by "clear and convincing circumstances outweighing potential harm against" the nonmoving party. *Williford*, 715 F.2d at 127.

## III. ANALYSIS

Travelers argues that the court should stay this lawsuit because the Pennsylvania Lawsuit and the Virginia Lawsuit involve the same facts and issues, and that Travelers' liability (if any) will be determined in the Pennsylvania Lawsuit. Stated differently, because Travelers is Kinsley's surety—and its liability is coextensive with Kinsley's—this lawsuit is premature and duplicative. Travelers also argues that it would be prejudiced by being forced to defend this lawsuit and assert Kinsley's defenses without Kinsley being a party to this suit.

E-Tech lodges three arguments against staying the case. First, E-Tech argues that the legal and factual issues in the two lawsuits are different because Travelers cannot rely on the same defenses as Kinsley under the Little Miller Act. Second, E-Tech argues that it is

3

entitled to litigate the Little Miller Act claim in Virginia. Finally, E-Tech argues that it would be prejudiced if this court stayed the Virginia Lawsuit. The court will address each in turn.

**A.      Contractual Defenses**

It is well-settled under Virginia law that "[t]he surety's liability to the [claimant] is measured by that of the principal." *Bd. of Supervisors of Fairfax Cnty. v. S. Cross Coal Corp.*, 380 S.E.2d 636, 639 (Va. 1989). When defending a suit regarding the principal's bonded obligation to a subcontractor, the surety "stands in the principal's shoes and may assert only those defenses available to the principal." *Id.*; *see also Blumenthal-Kahn Elec. Ltd. v. Am. Home Assurance Co.*, 236 F. Supp. 2d 575, 583 (E.D. Va. 2002). Here, Kinsley secured a payment bond for the Virginia Project from Travelers, creating a surety relationship between them. Therefore, Travelers' liability is coextensive with Kinsley's liability and, as a general rule, Travelers may assert any defenses available to Kinsley.

This general relationship is unchanged by Virginia's Little Miller Act, with one exception—the so-called "pay when paid" exception. *Moore Brothers Co. v. Brown & Root, Inc.*, 207 F.3d 717, 723 (4th Cir. 2000). As the name suggests, the exception excuses the principal's obligation to pay the subcontractor until the principal receives payment from the project's owner. *See id.* at 720. In *Moore*, the Fourth Circuit held that the pay-when-paid defense is not available to the surety "because the very purpose of a surety bond is to provide payment when the principal is unable to pay." *Id.* at 723; *see also United States ex rel. Tusco, Inc. v. Clark Constr. Grp.*, 235 F. Supp. 3d 745, 758 (D. Md. 2016) ("[F]ederal courts that have addressed the issue have unanimously held that a surety is *not* entitled to the benefits of its principal's pay-when-paid or pay-if-paid clause." (emphasis in original).)

E-Tech mistakenly argues that this exception is the entire rule and asserts that Travelers, writ large, does not have the same defenses available in this lawsuit that Kinsley has in the Pennsylvania Lawsuit. But Travelers correctly points out that E-Tech's argument is misleading, as "Kinsley is <u>not</u> relying on defenses to E-Tech's counterclaim that are not also available to Travelers." (ECF No. 14 at 1 (emphasis in original).) At the hearing, after the court pointed this out to E-Tech's counsel, E-Tech asserted for the first time that Kinsley might be trying to assert the pay-when-paid defense in the Pennsylvania Lawsuit, referencing Kinsley's "vague" Affirmative Defense No. 6. Travelers' counsel disagreed at the hearing but informed the court that he would confirm with counsel for Kinsley. Travelers then filed a supplemental reply on June 17, 2021. (ECF No. 18.) Travelers' counsel attached an email from Kinsley's counsel, stating: "Affirmative Defense No. 6 [in the Pennsylvania Lawsuit] does **not** involve or rely upon the subcontract pay-when-paid provision." (ECF No. 18-1 (emphasis in original).)

Even if the court did not take Kinsley's counsel's statement at face value, the language of Affirmative Defense No. 6 belies a reading that Kinsley is asserting a pay-when-paid defense. The affirmative defense states: "E-Tech's claims are barred because it seeks damages for work that was merely the subject of *proposed* change orders, and which were never authorized pursuant to the Subcontracts." (ECF No. 14-1 at 10.) This defense has nothing to do with the owner failing to pay Kinsley, thereby excusing Kinsley's obligation to pay E-Tech. Rather, Kinsley is asserting that E-Tech performed extra work that was never approved, and therefore that E-Tech cannot now recover for the work. The court also reviewed the other 27 affirmative defenses in the Pennsylvania Lawsuit; none allege the pay-

5

when-paid defense.

In sum, even though there is a Virginia Little Miller Act claim in this lawsuit and a breach of contract claim in the Pennsylvania Lawsuit, the law permits Travelers, as surety, to assert any defense in this lawsuit that Kinsley can assert in the Pennsylvania Lawsuit. Moreover, the pay-when-paid exception—a defense theoretically available to Kinsley (in Pennsylvania) but *not* available to Travelers under the Little Miller Act (in Virginia)—is a red herring, as Kinsley is not asserting the defense (or anything like it) and thus Travelers cannot assert it either. Therefore, E-Tech's argument that the two lawsuits involve unique issues is incorrect, because the results of the Pennsylvania Lawsuit would be determinative in this lawsuit. As a result, *not* staying this case: (1) would likely create a parallel litigation in which Travelers would be forced to assert defenses that Kinsley will litigate in Pennsylvania; (2) could lead to inconsistent verdicts between two federal courts; and (3) would waste judicial resources by requiring two courts to adjudicate the same issues.

**B.     Required Venue**

Second, E-Tech argues that it is entitled to have its Little Miller Act Claim heard in a Virginia court. While this is undoubtedly true—as the payment bond requires claims to be filed in Virginia—this argument does not weigh in favor of E-Tech's position.

This argument presents a question of timing rather than entitlement. While E-Tech is entitled to litigate its Little Miller Act claim in Virginia, E-Tech is not necessarily entitled to litigate Travelers' liability while that liability—via Kinsley—is still disputed in the Pennsylvania Lawsuit. Two example scenarios illustrate this point. First, if Kinsley is not liable to E-Tech in the Pennsylvania lawsuit, this action will become moot as Travelers

6

would also not be liable to E-Tech. On the other hand, if Kinsley is liable to E-Tech in the Pennsylvania Lawsuit, there is also a chance that this lawsuit would become moot if Kinsley simply paid the damages (as it would be required to do if the court entered judgment in E-Tech's favor.) As such, only in the event that (1) Kinsley is liable to E-Tech under the breach-of-contract counterclaim, (2) E-Tech is *not* liable to Kinsley (as Kinsley is seeking more damages against E-Tech than vice versa), (3) Kinsley does not pay damages, *and* (4) Travelers contests its own liability as surety, *then* would this lawsuit be necessary and E-Tech would be entitled to litigate its Little Miller Act claim in this court.

These scenarios illustrate why it is far more efficient for the Pennsylvania court to adjudicate liability first. Staying the Virginia Lawsuit will promote judicial economy as it may obviate the need for this lawsuit in its entirety.

**C.     Prejudice**

Finally, both parties argue that they would be prejudiced if the court rules in the other parties' favor. Again, Travelers has the better argument.

E-Tech argues that if it prevails in the Pennsylvania Lawsuit, "then [it] will have to adjudicate its Little Miller Act claims in this Court after incurring the time and expense of adjudicating its claims against Kinsley in Pennsylvania." (ECF No. 9 at 11.) As discussed above, this may or may not be true. In any event, E-Tech's expenditures will not be affected by staying this case, because, under its logic, it would have to fund two lawsuits regardless of a stay. Moreover, there is a significant possibility that staying this lawsuit will *save* E-Tech money, as it will avoid duplicative litigation and discovery (and may moot this lawsuit entirely).

7

E-Tech also argues that "Travelers' and Kinsley's burdens and expenses of litigation are the same whether in a single forum or different courts: Travelers' must defend [E-Tech's] bond claim once, and Kinsley must defend (and prosecute) its breach of contract claims with [E-Tech] once." (*Id.*) E-Tech's argument creates a false dichotomy and ignores the fact that it chose to file this lawsuit, and Travelers may not have to defend any suit at all depending on the outcome of the Pennsylvania Lawsuit. Forcing Travelers to defend a parallel lawsuit—by raising Kinsley's defenses on its own behalf—prejudices Travelers, not E-Tech.

Finally, E-Tech argues that it would be prejudiced by a stay because it would be forced to "incur additional costs to obtain relevant discovery from Virginia sources" in the Pennsylvania Lawsuit, rather than obtain the discovery in the Virginia Lawsuit. (*Id.* at 12.) This argument confirms that this lawsuit is an attempted proxy litigation for the Pennsylvania Lawsuit, and that E-Tech has manufactured its own purported prejudice. At bottom, E-Tech signed a subcontract with Kinsley that contained a forum-selection clause for Pennsylvania courts. As such, E-Tech must defend itself and conduct out-of-state discovery in the Pennsylvania Lawsuit, just like any other out-of-state defendant.[4]

In sum, the court finds that weighing the relative prejudice to the parties favors a stay.

### IV. CONCLUSION

For the reasons stated above, the court will grant Travelers' motion to stay (ECF No. 4). A separate order will issue.

---

[4] At the hearing, counsel for E-Tech proposed a "compromise" of letting this case proceed through discovery, but not setting a trial date. For the same reasons, this compromise is unavailing.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

**ENTERED** this 28th day of June, 2021.

                                */s/ Thomas T. Cullen*
                                HON. THOMAS T. CULLEN
                                UNITED STATES DISTRICT JUDGE